Case 1:25-cv-00276   Document 5   Filed on 11/20/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
November 20, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **WILSON ISRAEL CAAL-PUTUL,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | **Civil Action No.** 1:25-cv-00276 |
| § | | |
| **TODD LYONS, *et al.*,** § | | |
| § | | |
| Respondents. § | | |

## ORDER

Before the Court is Petitioner Wilson Israel Caal-Putul's "Petition for Writ of Habeas Corpus" ("§ 2241 Petition") and "Emergency Motion to Show Cause" ("Emergency Motion"). Dkt. Nos. 1, 2. Caal-Putul, a Guatemalan citizen, claims that his detention violates the Immigration and Nationality Act ("INA"), the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act ("APA"). Dkt. No. 1 at 5, 15. Caal-Putul moves the Court to order Respondents to show cause within three days why his § 2241 Petition should not be granted, pursuant to 28 U.S.C. § 2243. Dkt. No. 2 at 1. Caal-Putul claims that 8 U.S.C. § 1226 should apply to him, and not, as Respondents argue, § 1225. Dkt. No. 1 at 14.

It does not plainly appear from the § 2241 Petition that Caal-Putul is not entitled to the requested relief. Caal Putul's allegations, taken together, suffice to raise genuine questions as to which statutory section properly applies to him and what relief, if any, he is entitled to. Therefore, the Court must "forthwith award the writ [of habeas corpus] or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. "The writ, or order to show cause shall be directed to the

person having custody of the person detained," and must be returned within three days unless good cause exists to require additional time, not to exceed twenty days. *Id*.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of the facility where Caal-Putul is detained. *See id*.

Here, Caal-Putul is held at the Port Isabel Detention Center ("PIDC") in Los Fresnos, Texas. Dkt. No. 1 at 3. Caal-Putul's custodian, then, would appear to be the head of the PIDC, Carlos Cisneros. *Rumsfeld v. Padilla*, 542 U.S. 426, 440 n.13 (2004) (noting that "the proper respondent [in a § 2241 habeas action] is the person responsible for maintaining…the custody of the prisoner."); *see e.g. David v. Venegas*, No. 1:25-cv-00136, Dkt. No. 7 at 1–2 (S.D. Tex. 2025) (Torteya, J.) (directing the Clerk of Court to substitute Venegas for El Valle Detention Facility as the proper respondent in a § 2241 habeas action).

Accordingly, Caal-Putul's Emergency Motion is **GRANTED, IN PART**. It is **ORDERED** that Cisneros has **20 days** from the service of the § 2241 petition to state why the writ of habeas corpus should not issue. The Court will set a deadline for Caal-Putul's reply after Cisneros's filing.

The Clerk of Court is **DIRECTED** to correct the docket to reflect Carlos Cisneros as the respondent, and to terminate all other listed respondents. If Cisneros is no longer the custodial officer for PIDC, the Government shall inform the Court of who is the proper respondent.

**SO ORDERED.**

**SIGNED** on this **20th** day of **November, 2025**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**